United States District Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| State of Texas,<br><br>    *Plaintiff*,<br><br>v.<br><br>Miguel Cardona, in his official capacity as Secretary of Education; United States Department of Education; Merrick B. Garland, in his official capacity as Attorney General of the United States; and United States Department of Justice,<br><br>    *Defendants.* | No. 4:23-cv-00604-O |

# JOINT REPORT FOR CONTENTS OF SCHEDULING ORDER

For ease of reference, the Court's instructions to the parties in its Order Requiring Scheduling Conference and Report for Contents of Scheduling Order are restated here, followed by the information responsive to each of the Court's instructions. *See* ECF No. 16 (August 15, 2023).

**(1) A brief statement of the claims and defenses.**

Plaintiff's position:

Plaintiff challenges the Department of Education's decision to issue a Notice and Dear Educator Letter purporting to interpret Title IX by expanding Title IX's prohibition on discrimination on the basis of sex to include discrimination based on sexual orientation and gender identity. *See* Compl., Ex. A, Enforcement of Title IX of the Education Amendments of 1972 with Respect to Discrimination Based on Sexual Orientation and Gender Identity in Light of *Bostock v. Clayton County*, 86 Fed. Reg. 32,637 (June 22, 2021); Compl., Ex. B., Dear Educator Letter, U.S. Dept. of Educ., Office for Civil Rights (June 23, 2021). Plaintiff also challenges the Department of Education's and Department of Justice's issuance of a Fact Sheet that states they will use Title IX to investigate matters that are inconsistent with Title IX, its implementing regulations, and relevant case law. *See* Compl., Ex. C,

Fact Sheet, Confronting Anti-LGBTQI+ Harassment in Schools (June 23, 2021). Plaintiff asserts that Defendants' actions are not in accordance with law, are in excess of statutory authority, and are unlawful for failure to comply with the requirements of notice-and-comment rulemaking.

<u>Defendants' position:</u>

Plaintiff challenges three Department of Education informational documents that interpret Title IX's prohibition on discrimination on the basis of sex, in light of *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), to encompass discrimination based on sexual orientation and gender identity. In addition to responding to Plaintiff's claims on the merits, Defendants anticipate raising multiple jurisdictional defenses, including the lack of Article III standing, ripeness, and final agency action, the existence of an adequate alternative remedy, and the preclusion of jurisdiction under *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994).

**(2) A proposed time limit to file motions for leave to join other parties.**

Plaintiff proposes October 13, 2023, as the deadline to join other parties.

Defendants do not object to that deadline, provided that the joining of additional parties does not expand the actions challenged in this case, require the supplementation of the administrative record, or entail discovery.

**(3) A proposed time limit to amend the pleadings.**

Plaintiff proposes October 13, 2023, as the deadline to amend the pleadings.

Defendants do not object to that deadline, provided that amending the pleadings does not expand the actions challenged in this case, require the supplementation of the administrative record, or entail discovery.

**(4) Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days).**

The parties agree that this case will ultimately be decided on dispositive motions. The parties agree on the following briefing schedule for dispositive cross-motions:

- Plaintiff files Motion for Summary Judgment on October 20, 2023.
- Defendants file Consolidated Cross-Motion to Dismiss or, in the Alternative, for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment on December 1, 2023.

- Plaintiff files Opposition to Defendants' Cross-Motion to Dismiss or, in the Alternative, for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment on January 12, 2024.
- Defendants file Reply in Support of Cross-Motion to Dismiss or, in the Alternative, for Summary Judgment on February 9, 2024.

**(5) A proposed time limit for initial designation of experts.**

The parties agree they will not designate any experts.

**(6) A proposed time limit for responsive designation of experts.**

The parties agree they will not designate any experts.

**(7) A proposed time limit for objections to experts (i.e., Daubert and similar motions).**

The parties agree they will not designate any experts and therefore will not file objections to experts.

**(8) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

The parties agree that Defendants will produce the administrative record on September 15, 2023.[1] The parties agree that no discovery will be necessary.

**(9) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Because the parties agree that no discovery will be necessary, the parties agree that it is unnecessary to make changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Civil Rules.

**(10) Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

The parties agree that Defendants will produce the administrative record on September 15, 2023. The parties agree that no discovery will be necessary.

---

[1] In agreeing to produce the administrative record, Defendants do not concede that the challenged documents constitute final agency action or legislative rules, or waive any arguments that they may raise on these grounds, or any others.

**(11) Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

The parties agree that a Court Order is not needed to address handling and protection of privileged or trial-preparation material at this time. Moreover, the parties expect that this case will ultimately be decided on dispositive motions; therefore, the parties do not anticipate a trial.

**(12) A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed.**

The parties expect that this case will ultimately be decided on dispositive motions; therefore, the parties do not anticipate a trial. Neither party demands a jury.

**(13) A proposed date for further settlement negotiations.**

The parties do not believe this matter is amenable to settlement, and do not believe alternative dispute resolution would have a significant impact on the likelihood of settlement.

**(14) Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The parties agree that this proceeding is exempt from initial disclosure because it is an action for review on an administrative record. *See* Fed. R. Civ. P. 26(a)(1)(B)(i).

**(15) Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray.**

The parties expect that this case will ultimately be decided on dispositive motions; therefore, the parties do not anticipate a trial. To the extent a trial is necessary, the parties do not consent to trial before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray.

**(16)	Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

The parties do not believe this matter is amenable to settlement, and do not believe alternative dispute resolution would have a significant impact on the likelihood of settlement.

**(17)	Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

The parties would like to work with the Court to set a briefing schedule for the various motions anticipated and request the Court adopt the proposed briefing schedule described in paragraph 4 of this Joint Report to facilitate expeditious resolution of this matter.

**(18)	Whether a conference with the Court is desired.**

The parties agree they do not need to request a conference with the Court at this time.

**(19)	Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and 26(c).**

The parties request that the Court adopt the proposed briefing schedule described in paragraph 4 of this Joint Report. The parties agree that at this time there is no need for this Court to enter an order under Rule 26(c).

Dated September 12, 2023.

ANGELA COLMENERO
Provisional Attorney General

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Legal Strategy

Respectfully submitted,

RYAN D. WALTERS
Deputy Chief, Special Litigation Division
Texas Bar No. 240105085

MUNERA AL-FUHAID
Special Counsel
Texas Bar No. 24094501

ETHAN SZUMANSKI
Special Counsel
Texas Bar No. 24123966

Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
ryan.walters@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
ethan.szumanski@oag.texas.gov
**Counsel for the State of Texas**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA WELLS
Assistant Branch Director

*/s/ John T. Lewis (with consent)*
JOHN T. LEWIS (TX Bar No. 24095074)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12002
Washington, D.C. 20530
Tel: (202) 353-0533
Fax: (202) 616-8460
E-mail: john.t.lewis.iii@usdoj.gov
**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I certify that on September 12, 2023, this Joint Report for Contents of Scheduling Order was filed through the Court's CM/ECF system, which served it upon all counsel of record.

*/s/ Ryan D. Walters*
Ryan D. Walters