IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| THE STATE OF TEXAS,<br><br>    *Plaintiff*,<br><br>v.<br><br>MIGUEL CARDONA, *in his official capacity as Secretary of Education*, et al.,<br><br>    *Defendants*. | Civil Action No. 4:23-cv-604-O |

**DEFENDANTS' SUPPLEMENTAL BRIEF**

**TABLE OF CONTENTS**

I. The Final Rule Underscores the Absence of Jurisdiction. ................................................... 1

II. This Case Should Not be Consolidated with the Final Rule Case. .................................. 4

III. Conclusion............................................................................................................................. 7

On May 2, 2024, the Court ordered "the parties to submit cross-briefing on the following topics: (1) whether any of Defendants' jurisdictional arguments are moot in light of the Final Rule and (2) whether this matter should be consolidated with the related case pending in the Amarillo Division" by May 9, 2024. ECF No. 33.

Defendants submit the following responses: First, rather than moot Defendants' jurisdictional arguments, the Department of Education's issuance of Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024) [hereinafter Final Rule], reinforces why the Court lacks jurisdiction. In fact, the Final Rule may well moot *this case*, not Defendants' arguments. Second, this case should not be consolidated with *Texas v. Cardona*, No. 2:24-cv-00086-Z (N.D. Tex. filed Apr. 29, 2024) [hereinafter Final Rule Case]. The cross-motions for summary judgment in this case, which address the Court's jurisdiction, are fully briefed. At this juncture, the first step this Court should take is to consider its jurisdiction. Only if the Court has satisfied itself of jurisdiction should it consider consolidation. And even then, there are legal and prudential reasons not to consolidate. Texas's challenges to the Challenged Documents and Final Rule implicate materially different legal issues, such as Texas's notice-and-comment claim in this case and Texas's arbitrary-and-capricious claim in the other case. Texas chose to challenge different documents based on different legal theories in different cases. There is no reason for the Court, on its own, to consolidate these different cases.

I.  **The Final Rule Underscores the Absence of Jurisdiction.**

Rather than moot Defendants' jurisdictional arguments, the issuance of the Final Rule supports those arguments.

To reiterate, the Court lacks jurisdiction over Plaintiff's claims against the Notice of Interpretation, Dear Educator letter, and Fact Sheet (collectively, the "Challenged Documents")

1

because those documents do not constitute final agency action for which there is no other adequate alternative remedy; Texas has not plausibly alleged an injury caused by the Challenged Documents and redressable by this Court; this pre-enforcement challenge has not crystallized into a ripe case; and Title IX provides an exclusive review scheme that precludes judicial review at this early stage. *See* Defs.' Consolidated Br. in Opp'n to Pl.'s Mot. Summ. J. & in Support of Their Cross-Mot. Dismiss or, in the Alternative, for Summ. J. 8–31, ECF No. 28 [hereinafter Defs.' MSJ]; Defs.' Reply Br. in Support of Their Cross-Mot. Dismiss or, in the Alternative, for Summ. J. 3–15, ECF No. 32 [hereinafter Defs.' Reply]. The issuance of the Final Rule only reinforces these arguments.

*On final agency action*, it continues to be the case that the Challenged Documents do not reflect the consummation of the Department's views on Title IX's application to particular scenarios, nor do the Challenged Documents have legal effect. Although there is substantive overlap between the Challenged Documents and Final Rule (i.e., they both interpret Title IX), such overlap does not diminish Defendants' final agency action argument. To the contrary, the form, scope, and purpose of the Final Rule demonstrate that the comparatively limited informational documents lack the "telltale signs" of having "direct or appreciable legal consequences" that would render them reviewable final agency action. *Arizona v. Biden*, 40 F.4th 375, 388 (6th Cir. 2022) (quotation marks omitted); *see* 89 Fed. Reg. at 33814-25, 33887 (articulating legal standard).

*On standing*, Texas still faces no concrete injury that is traceable to the Challenged Documents and that could be remedied by a ruling in its favor. As the Department has explained, Texas has incorrectly characterized the purpose and effect of the Challenged Documents. *See* Defs.' MSJ 15–21; Defs.' Reply 7–8. The Challenged Documents do not require Texas to do anything; they merely inform the public of the Department's interpretation through general statements about Title IX. Issuance of the Final Rule does not alter the Challenged Documents'

limited effect or render Texas's claimed injury any more traceable to the Documents. Because the Challenged Documents continue to inform the public of the Department's views without binding anyone, Texas still lacks standing.

*On ripeness, adequate alternative remedy, and* Thunder Basin *preclusion*, issuance of the Final Rule does not change the fact that ED has not invoked the Challenged Documents in an enforcement proceeding against Texas. In a hypothetical proceeding, the Department would rely on Title IX and its implementing regulations, not explicitly nonbinding documents like the Challenged Documents. Furthermore, Texas would have an adequate opportunity for judicial review at the conclusion of any such enforcement action, which is part of Title IX's exclusive administrative review scheme. This Court should not prematurely adjudicate the Department's nonbinding opinions under these circumstances.

⁂

If, contrary to Defendants' position, the Court determines that it has jurisdiction, the Court should not immediately reach the merits or consolidation question. Instead, the Court should stay this case until challenges to the Final Rule are fully litigated because the resolution of those challenges may present an additional redressability problem that would moot this case.

"A case is moot where 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Tex. Oil & Gas Ass'n v. EPA*, 161 F.3d 923, 940 (5th Cir. 1998) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In *Texas Oil and Gas Association*, for example, the Fifth Circuit held that a challenge to one agency action was moot because the court upheld a broader agency action that addressed the same subject. *See id.* at 940 ("Here, even if we were to review and remand the General Permit, any subsequent NPDES permit determination would be governed by the ELGs, 33 U.S.C. § 1311(b), so the final result would be

unchanged."). Because the court upheld the broader agency actions, the plaintiffs "no longer [had] a 'legally cognizable interest' in the outcome of the [other agency action] challenge." *Id.*

Likewise, the outcome of the challenges to the Final Rule may eliminate Texas's cognizable interest in the outcome of this challenge. The Final Rule, as a legislative rule that underwent notice and comment rulemaking, indisputably has the force and effect of law and substantively changes Title IX's regulations. In particular, the Final Rule, like the Challenged Documents, makes clear that "[d]iscrimination on the basis of sex includes discrimination on the basis of . . . sexual orientation, and gender identity." 89 Fed. Reg. at 33,886 (codified at 34 C.F.R. § 106.10. An important difference between the two is that the Challenged Documents have no legal effect. They therefore never had and never will govern an enforcement proceeding. But, if the Final Rule is ultimately upheld, it will govern any future enforcement proceeding, "so the final result would be unchanged" with respect to this case. *See Tex. Oil & Gas Ass'n*, 161 F.3d at 940. Accordingly, Texas would lack any legally cognizable interests because its injuries would flow from the Final Rule. Vacating or enjoining the Challenged Documents would not redress that injury.[1]

## II. This Case Should Not be Consolidated with the Final Rule Case.

With respect to the Court's second question, this case should remain separate from the Final Rule Case for both legal and prudential reasons.

As an initial matter, the Court should resolve the many jurisdictional objections that Defendants have raised before reaching the consolidation issue. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing

---

[1] Moreover, an injunction that went beyond precluding the Department from applying the Challenged Documents to Texas's programs (e.g., restraining the Department from acting on the basis of its interpretation of Title IX at all) would be both unwarranted and improper. *See* Defs.' MSJ 43–47; Defs.' Reply 24–25.

4

the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). It follows from this fundamental limitation that "[a] court may not consider a motion to consolidate if it lacks subject matter jurisdiction over an underlying suit." *Joubert v. Foremost Ins. Co. Grand Rapids Michigan*, No. 6:22-CV-05495, 2023 WL 8936741, at *1 (W.D. La. Dec. 27, 2023) (collecting district court cases in the Fifth Circuit). For the reasons stated above and in Defendants' briefs, the Court lacks jurisdiction; rather than allow this case to consolidate and proceed, the Court should dismiss this case.

If the Court determines that it has jurisdiction, however, it still should not consolidate the cases. Rule 42 of the Federal Rules of Civil Procedure provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Although a party may move for consolidation, a district court may also consolidate on its own. *See Miller v. USPS*, 729 F.2d 1033, 1036 (5th Cir. 1984).

The Court should not consolidate pursuant to Rule 42 in light of the various material differences between the cases. Differences between the Challenged Documents and Final Rule have given rise to different jurisdictional objections and legal claims. For example, Defendants have moved to dismiss this case for lack of jurisdiction because the Challenged Documents are not final agency action. That argument is not available to the Department in the Final Rule Case because the Final Rule, which has legal effect, is indisputably final agency action. The claims in both cases are materially different as well. Texas brought a notice-and-comment claim in this case but not in the Final Rule Case. And, Texas has brought an arbitrary-and-capricious claim in the Final Rule Case but not in this case.

Texas has brought a statutory-authority claim in both cases, but a claim that an agency has

5

exceeded statutory authority is not abstract; it is tied to specific (and in this situation different) agency action. That difference in agency action—on the one hand, the concise and informational Challenged Documents, and on the other, the comprehensive and legally binding Final Rule—has given rise to distinct legal issues. For example, Texas raises First Amendment arguments in its case against the Final Rule, but it raises no such arguments in this case. And even though Texas argues that both the Challenged Documents and Final Rule exceed the Department's authority to define *sex*, the two cases contain different administrative records that independently inform each court's analysis of Texas's Administrative Procedure Act claims.

    Finally, there are prudential reasons not to consolidate these cases. Texas chose to bring different cases with different claims against different agency action. And, consolidation would unnecessarily expend party and judicial resources by delaying resolution of this case and forcing the parties to relitigate the issues raised in the motions for summary judgment. Those motions are fully briefed in this case, whereas the complaint in the Final Rule Case was filed only on April 29, 2024. If the cases were consolidated, it may take months or longer for the district court to resolve Texas's claims against the Challenged Documents.

    For these reasons, the Court should not consolidate the cases on its own.

### III. Conclusion

In sum, the issuance of the Final Rule should give the Court no pause in dismissing this case for lack of jurisdiction. Texas's claims against the Challenged Documents will only weaken with time. There is no reason to allow this case to proceed, let alone become consolidated with a materially different case against the Final Rule.

Dated: May 9, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CARLOTTA WELLS
Assistant Branch Director

*Benjamin Takemoto*
BENJAMIN T. TAKEMOTO
JOHN T. LEWIS
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*