UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STATE OF TEXAS,

    *Plaintiff*,

v.

MIGUEL CARDONA, in his official capacity as Secretary of Education, *et al.*,

    *Defendants*.

No. 4:23-cv-00604-O

TEXAS'S SUPPLEMENTAL BRIEF

In response to the Court's order, ECF No. 33, Plaintiff the State of Texas submits this supplemental brief to address issues raised by the Defendant U.S. Department of Education's publication of *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33,474 (Apr. 29, 2024) (the "Final Rule"), through notice-and-comment rulemaking. Those two issues are: (1) whether any of Defendants' jurisdictional objections to review in this case challenging their June 22, 2021 Notice of Interpretation, June 23, 2021 Letter and accompanying Fact Sheet (collectively, the "Guidance Documents") have been rendered moot by the issuance of the Final Rule; and (2) whether this case should be consolidated with Texas's case challenging the Final Rule in the Amarillo Division of the Northern District of Texas filed on April 29, 2024. Texas respectfully submits that the answer to both questions is "no."

**I.     The Final Rule does not affect the claims in this case.**

Because the Court specifically referenced jurisdictional issues raised by Defendants, Texas does not understand it to be asking whether the Final Rule moots Texas's entire case. Needless to say, the Final Rule does not moot Texas's challenges to the Guidance Documents at issue here.[1] Even "when a government repeals the challenged action [which has not happened here] and replaces it with something substantially similar, the injury remains," allowing "the court to still grant effectual relief to the prevailing party," so "the case is not mooted." *Texas v. Biden (MPP)*, 20 F.4th 928, 958 (5th Cir. 2021) (cleaned up). A not-yet-enforceable rule that "would rescind" the one under review cannot moot a case, since the challenged rule "remains on the books." *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 627 n.5 (2018). "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v.*

---

[1] After the Final Rule was published, Defendants notified the Sixth Circuit in that appeal of a challenge to the same Guidance Documents at issue in this case—but made no argument that the case was moot. *See* Doc. 99 (Apr. 30, 2024), *Tennessee v. Department of Educ.*, No. 22-5807 (6th Cir.).

*Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307–08 (2012) (citation omitted). The Final Rule (which amends various rules in the Code of Federal Regulations) does not become effective until August 1, 2024, *see* 89 Fed. Reg. at 33,474, making the Guidance Documents at issue in this case (which must be evaluated under the current rules in the Code) of sole relevance in Title IX enforcement until that date.[2] If this Court were to vacate, declare unlawful, or enjoin enforcement of the Guidance Documents before August 1, the yet-operational Final Rule (which adds, amends or abrogates rules in the Code of Federal Regulations, *see* 89 Fed. Reg. at 33,882–33,896) would unquestionably have no relevance to that determination.[3]

In *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656 (1993), a city adopted an ordinance subject to challenge in federal court. The city subsequently repealed the ordinance and replaced it with a different one that caused similar injuries to the plaintiff, *id*. at 660, and then argued its action had mooted the case. *Id*. at 661. The Court first explained that a defendant generally may not moot a case by voluntarily ceasing the

---

[2] Defendants continue to actively enforce the challenged Guidance Documents within Texas. They opened a new investigation into Katy ISD on gender-identity grounds on May 6, 2024. *See* Texas Tribune, *Feds Investigate Another Texas School District for its Gender Identity Mandate*, May 8, 2024, available at https://www.texastribune.org/2024/05/08/katy-isd-lgbtq-policy-investigation/ (accessed May 9, 2024). Defendants continue with their ongoing investigations of Granbury ISD, Frisco ISD, Keller ISD, Brownsville ISD, Carrol ISD, Devine ISD, Hays Consolidated ISD, Pflugerville ISD, and Tyler ISD for "gender harassment"—their term for acts based on sexual orientation or gender identity. See Department of Education Office for Civil Rights, *Pending Cases Currently Under Investigation at Elementary-Secondary and Post-Secondary Schools,* https://ocrcas.ed.gov/open-investigations?field_ois_state=686&field_ois_discrimination_statute=701&field_ois_type_of_discrimination=721&items_per_page=20&field_ois_institution=&field_ois_institution_type=All&field_open_investigation_date_1=&field_open_investigation_date_2=&field_open_investigation_date=&field_open_investigation_date_3=

[3] Of course, as in any litigation, the relief granted by this Court here could have collateral consequences on the Final Rule, at least in part—for example, if the Court were to enjoin Defendants from interpreting, enforcing, or applying Title IX as including an anti-discrimination principle regarding sexual orientation and gender identity.

3

challenged conduct. *Id.* at 661–62. But then it explained that the lack of mootness was even more obvious than that—because the city's new ordinance had repeated the unlawful conduct of the first one. *Id.* at 662. The Fifth Circuit has applied this principle in the context of agency action. *See Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urb. Dev.*, 980 F.2d 1043, 1048 (5th Cir. 1993).

Even after the Final Rule goes into effect, the relief sought in this Court would not be precluded or affected by the operation of the Final Rule. The Final Rule does not purport to abrogate, supersede, or make inoperative the Guidance Documents challenged in this case—indeed, it never mentions them.[4] The Final Rule has independent significance of the Guidance Documents, and vice versa—if either set of agency actions were to be stayed or vacated, or their enforcement preliminarily or permanently enjoined, the other set would be able to maintain their complete efficacy. The publication of the Final Rule can neither serve to bolster Defendants' jurisdictional or merits arguments in this case nor to defeat them. This Court should proceed in ruling on the parties' fully briefed cross-motions for summary judgment and motion to dismiss that will dispose of all claims regarding the Guidance Documents.

---

[4] Even if the Final Rule did result in the abrogation or supersession of the Guidance documents once August 1 arrives, the multitude of pending lawsuits against the Final Rule makes it likely that it will be stayed from going into effect or ultimately vacated. Because "the effect of vacating a rule is generally to reinstate the rule previously in force," *Oceana, Inc. v. Evans*, 389 F. Supp. 2d 4, 7 n.2 (D.D.C. 2005) (citing various circuit court opinions, including *Desoto Gen. Hosp. v. Heckler,* 766 F.2d 182, 186 (5th Cir. 1985)); *Action on Smoking & Health v. C.A.B.*, 713 F.2d 795, 797 (D.C. Cir. 1983), the Guidance Documents would be operational again under any scenario where the Final Rule is subjected to remedies under the Administrative Procedure Act. *See Ohio v. U.S. E.P.A.*, 969 F.3d 306, 310 (6th Cir. 2020) (finding no mootness of the case because "given the recent proliferation of nationwide injunctions and the pendency of 15 cases challenging the Repeal or Protection Rules, we cannot exclude the possibility that, as those cases move forward—and by the orders of two judges or even one—the [previous] Rule might again take effect nationwide" due to relief against the Repeal or Protection Rules that superseded it).

The Fifth Circuit in the DACA litigation took the same route Texas recommends here: After oral argument but before the Fifth Circuit panel issued a ruling on the legality of the 2012 DACA memorandum, a federal agency issued a new rule adopting a substantively identical policy via notice-and-comment rulemaking. As the new rule did not become effective until October 31, 2022, the panel declined to address it and went forward with issuing a ruling on October 5 finding the 2012 DACA Memorandum unlawful. *See Texas v. United States*, 50 F.4th 498, 511–12 (5th Cir. 2022).

## II.   Consolidation of the two cases would be improper.

Fed. R. Civ. P. 42(a) provides that:

> [w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

A trial court has broad discretion in determining whether to consolidate a case pending before it. *Nat'l Ass'n for Advancement of Colored People of La. v. Michot,* 480 F.2d 547, 548 (5th Cir. 1973). Courts consider three main factors when exercising this discretion. To help determine if consolidation is appropriate, courts generally examine five factors: "(1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy." *Casillas v. McDonough*, No. SA-22-cv-00959, 2023 WL 4356689, at *1 (W.D. Tex. June 30, 2023) (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993) and *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015)).

Courts interpret "same court" in the first factor "as the same district." *Texas v. United States*, No. 6:21-cv-00016, 2021 WL 3171958, at *2 (S.D. Tex. July 26, 2021) (Tipton, J.). The Amarillo Division and the Fort Worth Division are both in the Northern District of Texas. But this factor is neutral towards consolidation here because the Amarillo Division is 340 miles from the

Fort Worth Division. *See id.* (finding factor neutral where divisions within same district were 170 miles apart).

The second factor here—substantially similar parties in the two cases—would favor consolidation.

The third factor is whether the cases involve common questions of law or fact. Fed. R. Civ. P. 42(a). This factor generally favors consolidation when there are common legal issues, factual issues, or parties. *In re Dearborn Marine Service, Inc.,* 499 F.2d 263, 270–271 (5th Cir. 1974), *cert. dismissed,* 423 U.S. 886 (1975). This case and the one challenging the Final Rule are challenging different agency actions taken almost two years apart and through very different procedures. While there is one legal issue in common—whether Title IX may properly be interpreted and enforced as forbidding discrimination based on sexual orientation or gender identity—this case has a notice-and-comment claim the other one lacks, and the other has a claim of arbitrary-and-capricious agency action (which will involve production and review of an enormous administrative record not yet available) that this one lacks. *See Texas*, 2021 WL 3171958, at *3 (finding this factor weighed against consolidation where "the plaintiffs in each case also raise significant claims not raised by the plaintiffs in the other").

This case concerns the sole issue issue of the application of sexual orientation and gender identity anti-discrimination requirements, while the case challenging the Final Rule also involves the scope of the definition of sex-based harassment and investigatory and disciplinary requirements; conversely, this case involves agency action that condemns assigning students to sex-segregated athletic teams based on their biological sex rather than their gender identity, *see* ECF No. 24-1 at Appx.011, while the Final Rule purports to not address that issue due to another pending rulemaking process, *see* 89 Fed. Reg. at 33,816.  The Guidance Documents challenged in this case total 9 pages of text, ECF No. 24-1 at Appx.002–005, 007– 009, 011–012, while the Final Rule spans 1,577 pages when formatted similarly. *See* https://www2.ed.gov/about/offices/list/ocr/docs/t9-unofficial-final-rule-2024.pdf.

Under the final two factors, courts consider whether consolidation would prevent unnecessary cost or delay, or conserve judicial resources and whether consolidation will result in prejudice or an unfair advantage to either party. Fed. R. Civ. P. 42(a); *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993); *St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). These factors favor consolidation when it will improve efficiency for either the court or the parties but weighs against consolidation that will delay existing trial settings—consolidation is typically denied when cases are at different stages of preparedness for a final merits determination. *St. Bernard Gen. Hosp.*, 712 F.2d at 990; *see also AGIS Software Development LLC v. Google LLC*, 2022 WL 1608048, *3 (E.D. Tex. 2022) (denying consolidation because factual overlap among cases was not significant enough to justify delay of other pending trials); *Broadcom Corp. v. Commonwealth Scientific and Indus. Research Org.*, No. 6:09–cv–513 (E.D. Tex. Jan. 7, 2010); *Baez v. Yourway Express, LLC*, No. SA-17-CV-996-XR, 2017 WL 8811739, at *1 (W.D. Tex. Dec. 5, 2017) (Rodriguez, J.) (denying consolidation because it "could lead to unnecessary costs and delay, especially given that [it would require] a new scheduling order"); *Richard v. Doe*, No. 930590, 1994 WL 66745, at *1 (E.D. La. Feb. 23, 1994) (refusing to consolidate when it would require continuance for one case's trial date); Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.) (consolidation is denied if it "will cause delay in the processing of one or more of the individual cases"). It is inefficient to consolidate cases that are at starkly different stages in the litigation process. *See RTIC Drinkware, L.L.C. v. YETI Coolers, L.L.C.*, No. 1:16-cv-907, 2017 WL 5244173, at *3 (W.D. Tex. Jan. 18, 2017).

This case and the one challenging the Final Rule could not be at more divergent stages of litigation. In this case, a complaint was filed on June 14, 2023, ECF No. 1, and the Court entered a series of scheduling orders, ECF Nos. 21, 26, 30, which culminated in the end of final combined

briefing on the merits—via cross-motions for summary judgment and a motion to dismiss on all claims[5]—on April 29, 2024. This case is ready for a final ruling on the merits disposing of all claims.

In contrast, the case challenging the Final Rule is in the infancy of litigation, with only a complaint filed. *Compare Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989) (consolidation properly denied when one case was ready for trial and the other was not), *with Texas Gen. Land Off. v. Biden*, No. 6:21-cv-00052, 2021 WL 5588160, at *4 (S.D. Tex. Nov. 29, 2021) (granting consolidation because "[b]oth cases are in their initial stages, neither has proceeded to discovery, and both cases are presently concerned with preliminary issues such as the *Bush v. Biden* Plaintiffs' jurisdiction and the sufficiency of their complaint and a *preliminary* injunction in *Missouri v. Texas*"); *see also Texas*, 2021 WL 3171958, at *6 (finding factor against consolidation where one case had a fully briefed preliminary-injunction motion and the other did not).

While a motion for preliminary relief will soon be docketed in the case challenging the Final Rule in the Amarillo Division, any final merits determination will have to await production of the undoubtedly enormous administrative record and merits briefing or trial. Any attempt to consolidate these two cases will interminably delay resolution of this case challenging the Guidance Documents, when the end is within everyone's grasp. *See Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) ("in light of the vastly different stages of the cases—Gateway filed its complaint in the contribution action just eight days

---

[5] Courts deny consolidation when there are pending motions for summary judgment or motions to dismiss in one of the cases. *See Ekpe v. City of New York*, No. 20 Civ. 9143, 2021 WL 5999204, *4 (S.D. N.Y. Dec. 20, 2021) (court denied consolidation because cases had "divergent procedural postures as to the state of discovery and motion practice" and "amended complaints are the subject of pending motions to dismiss"); *Evans v. Int'l Paper Co.*, No. Civ.A. 11-0214, 2011 WL 2559791, at *5–6 (W.D. La. June 28, 2011) (same); SA Music LLC v. Apple, Inc., No. 3:20-cv-2146, 2022 WL 1814148, *6 (N.D. Cal. Jun. 2, 2022) (court waited to consolidate cases until after ruling on summary judgment); Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.) ("courts have concluded that consolidation is premature when motions to dismiss are pending"). Both categories of motion are pending here.

before it moved to consolidate, while discovery had already closed and Lehman had already submitted its trial brief in this case—the District Court acted well within its discretion in declining to consolidate"). "Considerable resources have been devoted to litigating and briefing the" cross-motions for summary judgment and motion to dismiss in this case, and "consolidating the cases would squander these resources by forcing the Court and the Parties in this case to effectively start from square one." *Texas*, 2021 WL 3171958, at *5.

## Conclusion

Texas respectfully requests the Court proceed on the final merits determination in this case and allow the Amarillo Division to judge the Final Rule.

| | |
|---|---|
| Dated May 9, 2024. | Respectfully submitted. |
| KEN PAXTON<br>Attorney General | /s/ Ryan D. Walters<br>RYAN D. WALTERS<br>*Attorney-in-Charge*<br>Chief, Special Litigation Division<br>Texas Bar No. 24105085 |
| BRENT WEBSTER<br>First Assistant Attorney General | |
| RALPH MOLINA<br>Deputy Attorney General for Legal Strategy | AMY S. HILTON<br>Special Counsel<br>Texas Bar No. 24097834 |
| | MUNERA AL-FUHAID<br>Special Counsel<br>Texas Bar No. 24094501 |
| | ETHAN SZUMANSKI<br>Special Counsel<br>Texas Bar No. 24123966 |
| | Office of the Attorney General of Texas<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>ryan.walters@oag.texas.gov<br>amy.hilton@oag.texas.gov<br>munera.al-fuhaid@oag.texas.gov<br>ethan.szumanski@oag.texas.gov |
| | **Counsel for the State of Texas** |

### CERTIFICATE OF SERVICE

I certify that on May 9, 2024, this document was filed through the Court's CM/ECF system, which served it upon all counsel of record.

/s/ Ryan D. Walters
RYAN D. WALTERS