IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00604-O |
| | § | |
| MIGUEL CARDONA, *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff's Partially Unopposed Motion for Correction, Clarification, and to Alter or Amend the Final Judgment (the "Motion") (ECF No. 39), filed on June 14, 2024; Defendants' Response (ECF No. 42), filed on June 19, 2024; and Plaintiff's Reply (ECF No. 43), filed on June 21, 2024. Plaintiff seeks correction and amendment of the Court's the June 11, 2024 Memorandum Opinion and Order (ECF No. 37) and the June 11, 2024 Final Judgment (ECF No. 38) (collectively, the "Final Decision").[1] Having considered the briefing and applicable law, the Court **GRANTS** the Motion.

**I.    LEGAL STANDARD**

Litigants possess a strong interest in the finality of judgments. Courts may revisit judgments only in limited circumstances. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."). One way is to amend a judgment is under Rule 60(a) by "correct[ing] a clerical mistake or a mistake arising from oversight or omission whenever one if found in a judgment." FED. R. CIV. P. 60(a). This may be done at any point. Another way is to revise a judgment under

---

[1] Pl.'s Mot. 1, ECF No. 39.

Rule 59(e) "to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 479 (citation omitted). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (citation omitted). Even if a plaintiff does not cite Rule 59 as the basis for reconsideration, federal courts treat timely-filed motions for reconsideration (within twenty-eight days of a final order) as motions to alter or amend the judgment under Rule 59. *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019).

## II.   ANALYSIS

### A. Correction

To begin, Plaintiff first asks the Court to correct the Final Decision by removing the words "do not" from the declaratory relief.[2] Doing so, Plaintiff argues, will prevent an incorrect reading that the awarded declaratory relief requires—rather than prohibits—an interpretation of Title IX's anti-discrimination provision as including sexual orientation and gender identity.[3] Defendants do not oppose this request.[4] Noting the lack of opposition to correcting this language in the Final Decision, the Court **GRANTS** Plaintiff's first request. Therefore, the Court **CORRECTS** the declaratory relief awarded as follows: "The Court also **DECLARES** unlawful the interpretation in the Guidance Documents . . . that the anti-discrimination provisions of Title IX ~~do not~~ include sexual orientation or gender identity."

### B. Amendment

Plaintiff's second request is that the Court should "clarify the scope of the declaratory and injunctive relief granted and . . . amend the Final [Decision] to be consistent with that

---

[2] *Id.* at 2
[3] *Id.*
[4] *Id.*; *see also id.* at 8 (containing certificate of conference that confirms Defendants "do not oppose the first part of this Motion").

clarification."[5] Defendants oppose this amendment request.[6] According to Plaintiff, "the current relief does not reflect the proper scope of remedies against unlawful agency action."[7] After fully considering Defendants' arguments in opposition, the Court concludes that Plaintiff is correct and amendment of the relief awarded is warranted.

The Final Decision's reasoning is based on the determination that Defendants' interpretation of Title IX is "errant."[8] Despite this broad reasoning, the remedy nonetheless cabined the declaratory and injunctive relief only to specific types of agency action—those that do not undergo notice-and-comment rulemaking—rather than the errant Title IX interpretation itself.[9] Plaintiff rightly points out that the Fifth Circuit termed a "false dichotomy" the notion that "a lawsuit challenging a regulation and a lawsuit challenging the underlying are different."[10] *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 378 (5th Cir. 2022). Instead, "a challenge to an agency regulation is necessarily a challenge to the [enforcement of the] underlying statute as well[] . . . because an agency literally has no power to act—including under its regulations—unless and until Congress authorizes it to do so by statute." *Id.* (internal quotations omitted). As a result, Plaintiff is correct that limiting relief to particular agency documents or actions that implement what the Court has declared to be an unlawful interpretation of Title IX "rests on the faulty premise that the plaintiffs were [only] 'suing' a regulation." *Id.* "[T]he right way to view [Plaintiff's] suit [i]s as challenging '*one* Government action that causes their harm: the [Government's] threatened enforcement of the [statute], *through* its implementing regulation.'" *Id.* (emphasis in original) (quoting *Fed. Election Comm'n v. Cruz*, 142 S. Ct. 1638, 1650 (2022)). Therefore, whether an

---

[5] *Id.* at 3.
[6] Defs.' Resp. 7, ECF No. 42.
[7] Pl.'s Mot. 5, ECF No. 39.
[8] June 11, 2024 Mem. Op. & Order 108, ECF No. 37.
[9] *Id.*
[10] Pl.'s Mot. 4, ECF No. 39.

3

agency action has undergone notice-and-comment rulemaking is not relevant to determining whether that action is contrary to law as a substantive matter.[11]

Despite agreeing that amendment of the Final Decision is in order to capture more than just informal final agency action, the Court must also ensure it respects coordinate courts. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 729 (5th Cir. 1985) (emphasizing that district courts should "avoid rulings which may trench upon the authority of sister courts"). This was the motivation behind the Court's decision to cabin the declaratory and injunctive relief in the first place. The Court seriously regards its obligation to avoid interfering with other district courts that are simultaneously evaluating the related Title IX agency action: *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33,474 (Apr. 29, 2024) (to be codified at 34 C.F.R. § 106 on August 1, 2024) (the "Final Rule"). By the Court's count, the Final Rule, along with its Title IX interpretation, is the subject of at least seven separate legal challenges.[12]

---

[11] Courts across the country are in accord, as revealed by the lack of hesitation to issue declaratory and injunctive relief preventing an agency from applying an unlawful interpretation of a statute in future agency actions. *See, e.g.*, *Neese v. Becerra*, No. 2:21-cv-163, (N.D. Tex. Nov. 22, 2022), ECF No. 71 (Kacsmaryk, J.) ("The Court DECLARES: . . . Section 1557 of the ACA does not prohibit discrimination on account of sexual orientation and gender identity, and the interpretation of 'sex' discrimination that the Supreme Court of the United States adopted in *Bostock v. Clayton County* . . . is inapplicable to the prohibitions on 'sex' discrimination in Title IX of the Education Amendments of 1972 and in Section 1557 of the ACA"); *Religious Sisters of Mercy v. Azar*, 513 F.Supp.3d 1113, 1153–54 (D.N.D. 2021) ("The Court DECLARES that HHS's interpretation of Section 1557 that requires [plaintiffs] to perform and provide insurance coverage for gender-transition procedures" is unlawful and granting injunction against agency "interpreting or enforcing Section 1557 of the ACA" in the same way), *affirmed*, 55 F.4th 583 (8th Cir. 2022)); *Christian Employers Alliance v. EEOC*, No. 1:21-cv-195, 2024 WL 935591, *10 (D.N.D. Mar. 4, 2024) (enjoining federal agency "from interpreting or enforcing Section 1557 of the Affordable Care Act . . . in a manner that would force [plaintiffs] to perform or provide insurance coverage for gender-transition procedures").

[12] *E.g.*, *Texas, et al. v. United States, et al.*, 2:24-cv-00086-Z (N.D. Tex. Apr. 29, 2024); *Alabama, et al. v. Cardona, et al.*, 7:24-cv-00533-ACA (N.D. Ala. Apr. 29, 2024); *Louisiana, et al. v. U.S. Dep't of Educ., et al.*, 3:24-cv-00563-TAD-KDM (W.D. La. Apr. 29, 2024); *Tennessee, et al. v. Cardona, et al.*, 2:24-cv-00072-DCR-CJS (E.D. Ky. Apr. 30, 2024); *Arkansas, et al. v. U.S. Dep't of Educ., et al.*, No. 4:24-cv-00636-RWS (E.D. Mo. May 7, 2024); *Kansas, et al. v. U.S. Dep't of Educ., et al.*, No. 5:24-cv-04041-JWB-ADM (D. Kan. May 14, 2024).

Respecting coordinate courts while also faithfully applying Fifth Circuit precedent, the Court **GRANTS** the amendment Plaintiff seeks with an important limitation: the amendment does *not* apply to any pending cases concerning the Final Rule. As this Court recognized in its own Final Rule case, Defendants characterize the Final Rule's interpretation of Title IX as not formally redefining "sex" despite functionally appearing to do so. *See Carroll ISD v. U.S. Dep't of Educ.*, No. 4:24-cv-00461-O, 2024 WL 3381901, at *1, *5–*6 (July 11, 2024) (noting the Final Rule functionally reinterprets Title IX's language despite Defendants claiming they do not explicitly do so).[13] Although this Court—along with five other courts to date—preliminarily enjoined enforcement of the Final Rule based, in part, on a functionally unlawful interpretation of Title IX,[14] the Final Rule cases may ultimately contain nuanced differences that warrant further analysis at the merits stages. For this reason, the Court declines to act in a manner that may interfere with these cases pending before coordinate courts.

Therefore, the Court **GRANTS** Plaintiff's second request. As such, the Court **AMENDS** the declaratory and injunctive relief to extend to any future agency action relying on the Title IX interpretation deemed unlawful in the Final Decision regardless of whether the action underwent

---

[13] *See also* Tr. of July 8, 2024 Hr'g 23, *Carroll ISD v. U.S. Dep't of Educ.*, No. 4:23-cv-00461-O (N.D. Tex. July 18, 2024) (ECF No. 45) ("I want to recognize that this Court recently . . . disagreed with the Department of Education's interpretation on that front. But since then, since the guidance documents came out, the Department of Education has had an opportunity to explain that this is not a redefinition of sex [in this Final Rule case.]").

[14] *E.g.*, *Louisiana, et al. v. U.S. Dep't of Educ., et al.*, 3:24-cv-00563-TAD-KDM, 2024 WL 2978786, at *2 (W.D. La. June 13, 2024); *Tennessee, et al. v. Cardona, et al.*, 2:24-cv-00072-DCR-CJS, 2024 WL 3019146, at *1 (E.D. Ky. June 17, 2024); *Kansas, et al. v. U.S. Dep't of Educ., et al.*, No. 5:24-cv-04041-JWB-ADM, 2024 WL 3273285, at *6 (D. Kan. July 2, 2024); *Texas, et al. v. United States, et al.*, 2:24-cv-00086-Z, 2024 WL 3405342, at *16 (N.D. Tex. July 11, 2024); *Carroll ISD v. U.S. Dep't of Educ.*, No. 4:24-cv-00461-O, 2024 WL 3381901, at *14 (N.D. Tex. July 11, 2024); *Arkansas, et al. v. U.S. Dep't of Educ., et al.*, No. 4:24-cv-00636-RWS, 2024 WL 3518588, at *23 (E.D. Mo. July 24, 2024). Only one district court has declined to grant a preliminary injunction. *Alabama*, 7:24-cv-00533-ACA, 2024 WL 3607492, at *1 (N.D. Ala. Apr. 29, 2024). However, the Eleventh Circuit granted a temporary administrative injunction of the Final Rule pending further review of the Alabama district court's denial. *Alabama, et al. v. U.S. Dep't of Educ., et al.*, No. 24-12444 (11th Cir. July 31, 2024).

formal notice-and-comment rulemaking. However, to the extent that the revised declaratory and injunctive relief could be understood as conflicting with other courts that are currently evaluating the Final Rule, this Court's carves out the Final Rule from the relief awarded in this case. With this limitation in place, the Court concludes that these revisions appropriately bring the remedy language into alignment with the Final Decision's analysis without trenching upon sister courts in the process.

### III.  CONCLUSION

For these reasons, the Court **GRANTS** the Motion. Accordingly, the Clerk of Court is **DIRECTED** to **VACATE** the June 11, 2024 Memorandum Opinion and Order (ECF No. 37) and the June 11, 2024 Final Judgment (ECF No. 38). Revised versions of these corrected and amended items shall separately issue.

**SO ORDERED** on this **5th day** of **August, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

6